```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

UNIFUND CCR PARTNERS,                    Civ. No. 06-6245-HO

        Plaintiff,                       ORDER

   v.

FRANK BAKE,

        Defendant,

   v.

DANIEL N. GORDON, P.C.,

        Cross-Defendant.
```

Defendant alleges that plaintiff violated the Oregon Unlawful Debt Collection Practices Act (OUDCPA), and that plaintiff and cross-defendant violated the Federal Debt Collection Practices Act (FDCPA). Plaintiff filed a motion for dismissal of defendant's OUDCPA counterclaim for failure to state a claim, and attorney's fees. Cross-defendant filed a motion for the same relief with respect to defendant's OUDCPA and FDCPA

cross-claims. Defendant filed untimely responses, and a motion for extension of time to respond. As further explained below, defendant states a claim against cross-defendant for violation of the FDCPA, but fails to state a claim for violation of the OUDCPA, and defendant is not entitled to an extension of the deadline for filing responses. Plaintiff and cross-defendant's motions to dismiss are granted in part and denied in part. Defendant's motion for extension of time is denied.

## Discussion

Defendant does not demonstrate that his failure to timely file responses resulted from excusable neglect, as required for enlargement of time under Rule 6(b) of the Federal Rules of Civil Procedure. If removal of this case violated counsel's agreement to abate state court proceedings, as defense counsel contends, Gregory Aff., ¶¶ 4-5, such violation did not prevent timely filing or permit defendant to disregard the filing deadline. Defense counsel also states that she requested an indefinite extension of deadlines from plaintiff's counsel by facsimile transmission on October 17, 2006. Gregory Aff., ¶ 6. Defendant's responses were due on October 19, 2006. Defense counsel further states that plaintiff's counsel did not respond to this and subsequent requests for extension before filing proposed forms of orders and judgment on November 8, 2006. Gregory Aff., ¶¶ 7-8. Instead of waiting weeks beyond the filing

deadline for a response from plaintiff's counsel, defense counsel should have timely filed the responses or a motion for extension of time.

Before turning to the merits of the motions to dismiss, the court denies cross-defendant's request that it look beyond the complaint with respect to defendant's cross-claim for violation of the FDCPA. Cross-defendant's reason for the request is that the claim is "somewhat inartfully pleaded[.]" Cross-def's Motion at 2. The allegations state a claim upon which relief may be granted, however.

Defendant alleges, <u>inter alia</u>, that he timely disputed the debt by letter, and that cross-defendant, an attorney, thereafter sent at least one further collection letter without providing the validation of the debt required by the FDCPA, and filed suit on behalf of plaintiff to collect the debt. Answer, Counterclaim and Cross-claim, ¶¶ 18-19. Defendant alleges a violation of 15 U.S.C. § 1692g(b), which requires that collection cease until the debt collector verifies the debt. <u>See</u> <u>Anderson v. Frederick J. Hanna and Assocs.</u>, 361 F. Supp. 2d 1379, (N.D.Ga. 2005) (filing collection suit with notice of disputed debt prior to verification of debt violated FDCPA).

Defendant's counterclaim and second cross-claim fail to state a claim for violation of the OUDCPA. Defendant alleges that because plaintiff and cross-defendant knew or should have

3 - ORDER

known that they sought to collect an unenforceable debt, their continued collection efforts violated the OUDCPA's prohibition against "attempt[ing] to or theaten[ing] to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist . . ." Answer, Counterclaim and Cross-claim, ¶¶ 12, 30; Or. Rev. Stat. § 646.639(2)(k). Section 646.639(2)(k) addresses collection methods; it does not prohibit the collection of a non-existent debt. Porter v. Hill, 838 P.2d 45, 48-49 (Or. 1992).

## Conclusion

Based on the foregoing, defendant's motion for extension of time [#13] is denied; plaintiff's motion to dismiss [#4] and cross-defendant's motion to dismiss [#5] are granted in part and denied in part as follows: defendant's counterclaim and second cross-claim are dismissed; plaintiff and cross-defendant's requests for attorney's fees are denied without prejudice. The parties may request attorney's fees by motion after resolution of all claims against all parties.

IT IS SO ORDERED.
DATED this 6th day of December, 2006.

*Michael C. Hogan*
United States District Judge